

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-18-2008

# Sun v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3960

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Sun v. Atty Gen USA" (2008). *2008 Decisions*. Paper 517.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/517

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-3960

QI ZHU SUN,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A98-291-918)
Immigration Judge: Honorable Eugene Pugliese

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 18, 2008

Before: FUENTES, ALDISERT and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 18, 2008)

OPINION

PER CURIAM

Qi Zhu Sun seeks review of a final order of removal. We will deny the petition for review.

Sun is a native and citizen of the People's Republic of China. He entered the

United States without inspection on May 27, 2004. The government issued a Notice to Appear on that date, charging him with removability under INA § 212(a)(6)(A)(i), as an alien present without having been admitted or paroled. Sun applied for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). Sun asserted that he had been and would be persecuted on the basis of his involvement with an underground Christian church. The Immigration Judge ("IJ") denied his claims on the basis that Sun had not testified credibly. The Board of Immigration Appeals ("BIA") affirmed on the same basis, and Sun filed a timely petition for review.

We have jurisdiction to review a final order of removal of the BIA under 8 U.S.C. § 1252(a)(1). Abdulai v. Ashcroft, 239 F.3d 542, 547 (3d Cir. 2001). "[W]hen the BIA both adopts the findings of the IJ and discusses some of the bases for the IJ's decision, we have authority to review the decisions of both the IJ and the BIA." Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004). We review the BIA's and IJ's factual findings for substantial evidence. Briseno-Flores v. Att'y Gen., 492 F.3d 226, 228 (3d Cir. 2007). We will uphold an adverse credibility determination unless "any reasonable adjudicator would be compelled to conclude to the contrary." Kaita v. Att'y Gen, 522 F.3d 288, 296 (3d Cir. 2008) (citations omitted). An IJ may properly base an adverse credibility determination on an applicant's inconsistent testimony when the inconsistencies go to the "heart of the claim." Kaita, 522 F.3d at 296.[1]

---

[1]The amendments contained in the REAL ID Act do not apply to Sun, as he filed his application prior to May 11, 2005, the effective date of the Act.

The IJ determined that Sun's demeanor suggested that Sun had fabricated his testimony. The IJ observed that Sun paused for long periods between sentences and even between words; he had trouble answering questions without coaching and appeared to be recalling a script.

The IJ also determined that Sun had testified inconsistently about two significant events. First, Sun noted on his I-589 that he had been baptized on March 10, 2002. When asked by his attorney at the merits hearing what, if anything, happened on that date, Sun said that nothing happened. He then stated that he was arrested on that date. Sun offered no testimony regarding his baptism. Second, Sun stated in his I-589 that the police detained him for sixteen days after a meeting of the underground church. At the merits hearing, however, Sun had troubling recalling whether he had been detained in 2002 or 2003, nor could he offer a consistent description of the length of detention. Although he testified that his detention lasted sixteen days, the period he recounted – August 10, 2002, to August 16, 2002 – covered only seven days.[2]

The BIA affirmed the IJ's adverse credibility determination and agreed that Sun had testified inconsistently about his baptism and his detention, matters that the BIA determined went to the heart of his claim. The BIA also concluded that the IJ properly had relied on his observations of Sun's demeanor in evaluating his credibility.

On appeal, Sun argues that the IJ improperly relied on "minor inconsistencies" in

---

[2]When asked to explain the discrepancy, Sun stated that the detention may have lasted only fifteen days.

making an adverse credibility determination. Sun's testimony did not contain merely minor inconsistencies. Sun confused the date of his baptism with the date of his detention; he had trouble recalling the year of his detention; and he could not testify coherently about the length of his detention. Sun's demeanor, his failure to discuss his baptism when asked by his own attorney, and his imprecision regarding the dates of his detention all support the IJ's and BIA's conclusion. A reasonable adjudicator would not be compelled to conclude to the contrary. As a result, the IJ and the BIA properly determined that Sun had not proven his eligibility for asylum, withholding of removal or CAT relief.

Sun further argues that the IJ erred in basing his credibility determination on Sun's failure to testify about details that neither the government nor the IJ elicited from him. According to Sun, neither the government nor the IJ asked him to testify regarding his Christian faith; therefore, Sun contends, he should not have been penalized for not explaining the tenets of his faith or why he is a Christian. Sun also argues that the IJ erred in requiring corroboration of nonessential facts, without providing any notice that such corroboration would be required. As the BIA did not base its decision on Sun's failure to testify about his faith or his failure to corroborate particular facts, neither of these arguments alters our conclusion.

For the foregoing reasons, the petition for review will be denied.

4